UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAWMILL WOODS HOMEOWNERS ASSOCIATION, INC., | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) )   CAUSE NO. 1:22-cv-00342-SLC |
| WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant/Counter-Claimant. | ) |

**OPINION AND ORDER**

Plaintiff/Counter-Defendant Sawmill Woods Homeowners Association, Inc. ("Sawmill Woods"), filed this case against its insurer, Defendant/Counter-Claimant West Bend Mutual Insurance Company ("West Bend"), after Sawmill Woods sustained a loss to several of its condominium buildings in a wind storm and the parties were unable to resolve their dispute about the extent of the damage. (ECF 3; ECF 10 at 3-6).[1] West Bend paid Sawmill Woods $12,027.07 for the loss, but Sawmill Woods claims its loss and damage is $1,250,514.88. (ECF 10 at 4). Per the insurance policy between the parties, the parties each named an appraiser, but the appraisers could not agree on the amount of loss or on the selection of an umpire to decide the dispute. (ECF 3 ¶¶ 5, 6; ECF 10 at 5-6). Consequently, the parties now ask that the Court select an umpire. (ECF 3 ¶ 7; ECF 10 at 6).

For the following reasons, the Court appoints Ben Smith as the umpire for the parties' dispute.

---

[1] Sawmill Woods filed this action in LaGrange County Superior Court on September 17, 2022, and West Bend timely removed it to this Court pursuant to diversity jurisdiction. (ECF 1, 3, 9). The parties subsequently consented to having a Magistrate Judge conduct all proceedings in this case, including entry of final judgment, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and this Court's Local Rule 72-1. (ECF 17).

*A. Case Background*

Sawmill Woods is a real estate development consisting of 60 condominium buildings containing 234 units located on Sawmill Woods Court, Sawmill Woods Drive, Crofton Drive, and Monument Drive in Fort Wayne, Indiana (the "Property"). (ECF 18 at 1). West Bend issued a commercial policy of insurance to Sawmill Woods, policy no. 2075486 07, effective date March 4, 2021, to March 4, 2022 (the "Policy"), insuring the Property against certain loss and damage. (*Id.*).

Sawmill Woods alleges that on or about December 15, 2021, it sustained a loss to 36 buildings located on the Property due to a wind storm. (*Id.*). On February 4, 2022, Sawmill Woods filed a claim with West Bend for loss and damages totaling $1,250,514.88, which included full roof replacements for the Property. (*Id.*). West Bend, however, claimed that the loss to the Property was $12,027.07, which it paid to Sawmill Woods. (*Id.*; ECF 10 at 4). The parties were unable to resolve their dispute regarding the extent of the wind damage to the Property. (ECF 18 at 1; ECF 19 at 2).

The Policy contains the following provision in its "Property Loss Conditions":

**2. Appraisal**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

2

If there is an appraisal, we still retain our right to deny the claim.

(ECF 10-1 at 100-01).

Sawmill Woods invoked this appraisal provision of the Policy, and the parties each selected an appraiser. (ECF 18 at 2; ECF 19 at 2).[2] The appraisers could not reach an agreement regarding the value of the loss or the naming of an umpire. (ECF 18 at 2; ECF 19 at 2). Sawmill Woods's appraiser proposed the Honorable Gene Duffin, Erik Pearson, and David Gard as potential umpires, while West Bend's appraiser proposed Kurt Ehlers, Raymond A. Pawlak, John Ortenblad, Ben Smith, Randall S. Rapp, J.D., and Paul H. Johnson, Jr., J.D. (ECF 10 at 5-6; ECF 18 at 2). Each appraiser rejected all of the other's proposed umpires. (ECF 10 at 6; ECF 18 at 2).

On September 17, 2022, Sawmill Woods filed a Petition for Appointment of Umpire (the "Petition") in LaGrange County Superior Court. (ECF 3). After filing the Petition, Sawmill Woods added Kevin K. Fitzharris, J.D., as a potential umpire in an effort to resolve the matter, but West Bend rejected him as well. (ECF 18 at 2). On October 3, 2022, West Bend removed the matter to this Court pursuant to diversity jurisdiction. (ECF 1, 9). On October 26, 2022, West Bend filed an Answer and Counterclaim to the Petition. (ECF 10). On November 15, 2022, Sawmill filed its Answer to the Counterclaim. (ECF 13). On November 30, 2022, the Court conducted a preliminary pretrial conference, setting a deadline of January 30, 2023, for submission of the parties' briefs on the merits of the umpire candidates, and February 28, 2023,

---

[2] There is a factual inconsistency in the parties' filings regarding the identities of these appraisers. Sawmill Woods states that it named Joseph Hoffman of Hoffman Adjustment Incorporated as its appraiser and that West Bend named Shawn McClanahan of "A.I.S." (ECF 3 at 2; ECF 18 at 2). West Bend, however, states that it was Sawmill Woods who initially named McClanahan, and then later replaced him with Hoffman. (ECF 10 at 2, 5). West Bend further states that its appraiser is Newel Anderson of Anderson Insurance Services LLC. (*Id.* at 5; ECF 19 at 2). This factual inconsistency is ultimately immaterial to the outcome of this Opinion and Order.

for response briefs. (ECF 15).³ In their briefs, Sawmill Woods names Kevin K. Fitzharris, J.D., the Honorable Gene R. Duffin, and David Gard as proposed umpires (ECF 18 at 3-4; ECF 18-1 to ECF 18-3), and West Bend names Kurt Ehlers, Raymond A. Pawlak, John Ortenblad, Ben Smith, Randall S. Rapp, J.D., and Paul H. Johnson, Jr., J.D., as proposed umpires (ECF 19 at 3-4; ECF 19-1).

*B. Discussion*

This dispute arises out of the parties' fundamental disagreement about the scope of the wind damage to the Property and whether such wind damage can be repaired or requires replacement of entire roofs. (ECF 18 at 3; ECF 19 at 2). As stated earlier, the parties' two appraisers could not reach an agreement on the scope of the wind damage and whether the roofs must be replaced, and they were also unable to agree on an umpire.

Sawmill Woods requests in the Petition that the Court select an umpire. (ECF 3). This request is consistent with the appraisal provision in the Policy, which provides that "[i]f [the appraisers] cannot agree [on an umpire], either may request that selection be made by a judge of a court having jurisdiction." (ECF 10-1 at 100). The Policy, however, is silent about the qualifications, characteristics, and experience the selected umpire should possess. The Policy simply provides: "The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding." (*Id.*).

Sawmill Woods argues that two factors should be considered when appointing an umpire: (1) "whether the umpire is competent in the sense they have relevant experience in the area of

---

³ The Court did not request reply briefs on the issue. (*Id.*)

dispute," and (2) "whether the umpire would likely be impartial, unbiased and fair." (ECF 18 at 3). Sawmill Woods contends "[i]t is critical that the umpire have experience in evaluating or mediating cases involving evaluation of insurance losses and that he has represented both insureds and insurance companies demonstrating his impartiality." (*Id.*). West Bend, however, asserts "it is critical that the umpire have experience evaluating both (1) how wind damages roof shingles and (2) the options to remediate such damage, in addition to being able to estimate the cost of the various options." (ECF 19 at 2-3). West Bend urges that "previous umpiring experience would benefit an appraisal like this one that involves complex issues and because a track record of serving as an umpire demonstrates a reputation for fairness and impartiality (umpires are selected by the appraisers who represent the insured and the insurer)." (*Id.* at 4).

Sawmill Woods has proposed three umpires: Kevin K. Fitzharris, J.D., the Honorable Gene R. Duffin, and David Gard. (ECF 18 at 3-4). Fitzharris, an attorney, is a registered civil mediator with over 30 years of experience; has mediated thousands of cases including construction disputes involving roofing and siding; and has represented both insureds and insurance companies. (*Id.* at 3; ECF 18-1). Judge Duffin of Civil Mediation Services LLC is a registered civil mediator with 25 years of experience; has mediated more than 15,000 cases and arbitrated more than 500 cases, including construction cases; has been named an umpire in over 100 insurance cases; and has served as a special master in state and federal court cases. (ECF 18 at 3; ECF 18-2). Gard is an 11-year owner and 31-year employee of Transitions Restoration, LLC, a restoration company; a certified restorer and a member of the National Institute of Disaster Restoration and of the Restoration Industry Association since 1992; and a registered third party evaluator. (ECF 18 at 3-4; ECF 18-3).

West Bend has proposed Kurt Ehlers, Raymond A. Pawlak, John Ortenblad, Ben Smith, Randall S. Rapp, J.D., and Paul H. Johnson, Jr., J.D. (ECF 19-1). Ehlers is the owner of KurPen

5

INC. Insurance Appraisal Services since 2009, has completed more than 3000 appraisals as an appraiser or umpire, and has inspected over 2000 properties for contractors and insurance companies. (*Id.* at 2). Pawlak is the principal of GM Consulting USA and RayMar International; has more than 25 years experience in loss adjusting for complex commercial property, business interruption, and builders risk losses; and has been appointed an appraiser and umpire throughout the United States. (*Id.* at 3-5). Ortenblad is a principal construction consultant for HAAG Construction Consulting with more than 31 years of construction, restoration, large loss, and consulting experience for major insurance companies and in restoration and construction management; he is also a HAAG Certified Inspector for both commercial and residential roofs. (*Id.* at 6-7).

      Smith is the owner of BAS Consulting and Services since 2019, is aksi a HAAG certified inspector for both commercial and residential roofs; has acted as appraiser or umpire in more than 300 insurance appraisals, worked as an independent adjuster for commercial and residential property claims, and is a certified umpire and appraiser by the Insurance Appraisal and Umpire Association. (*Id.* at 8-9). Rapp of Rapp Law Group LLC is an arbitrator and mediator for commercial and construction matters since 2000, serving as an arbitrator in more than 80 construction and commercial disputes and as a mediator in more than 300 construction and commercial disputes; has represented clients on construction legal issues from 1976 to 2000; has supervised construction of a manufacturing plant; and has investigated and defended claims arising out of construction accidents. (*Id.* at 10-13). Johnson is the founding partner of Patrick, Johnson & Mott, P.C.; has decades of litigation experience in commercial litigation, including property insurance law; and is an experienced mediator and arbitrator. (*Id.* at 14).

Based on the Court's review of the materials presented for each candidate by the parties (ECF 18 at 3-4; ECF 18-1 to 18-3; ECF 19-1), the Court selects Ben Smith as umpire. While many of the candidates have the qualifications and experience necessary to mediate the dispute between the two appraisers, Smith is one of just two candidates who is a HAAG Certified Inspector of residential and commercial roofs. *See generally Auto Owners Ins. Co. v. Blair Leasing, LLC*, No. 1:19 CV 66 ACL, 2021 WL 2778527, at *7 (E.D. Mo. July 2, 2021) ("Haag certification requires extensive coursework every five years."). As such, Smith has the specialized knowledge, qualifications, and experience to make an independent evaluation of the roof damage and umpire the dispute between the two appraisers. *See Townhomes at Fishers Pointe Homeowners Ass'n, Inc. v. Depositors Ins. Co.*, No. 1:20-cv-02788-TWP-DLP, 2021 WL 3012352, at *2 (S.D. Ind. July 15, 2021) (choosing an umpire whose curriculum vitae included roof and hail damage experience where the property at issue had sustained hail damage).

Further, Smith is the only candidate who is a Certified Umpire and Appraiser by the Insurance Appraisal and Umpire Association. (ECF 19-1 at 8-9); *see generally Diamond Lake Condo. Ass'n Inc. v. Empire Indem. Ins. Co.*, No. 2:10-cv-547-FtM-38NPM, 2020 WL 6585597, at *1 (M.D. Fla. Nov. 10, 2020) (choosing an umpire who was "a Certified Umpire and Certified Appraiser from the Insurance Appraisal and Umpire Association," noting that both appraisers agreed to the importance of this certification for an umpire). Morever, Smith is experienced, having acted as either appraiser or umpire in more than 300 insurance appraisals for both residential and commercial claims. (ECF 19-1 at 8).

And while Sawmill Woods contends that all of West Bend's proposed umpires, including Smith, should be rejected as biased because they have worked in or with the insurance industry

7

(ECF 20), Sawmills Woods "provides no support for its broad allegations [of impartiality]." *Castillo at Tiburon Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-468-SPC-MRM, 2021 WL 6550954, at *2 (M.D. Fla. Nov. 17, 2021). "Without any evidence beyond an unsupported allegation, [the Court] is not persuaded that [Smith] would lack impartiality." *Id.*; *see also Townhomes at Fishers Pointe Homeowners Ass'n, Inc.*, 2021 WL 3012352, at *3 ("[The plaintiff] has not provided anything other than speculation that [the umpire] may be biased."); *Sinclair Wyo. Refin. Co. v. Infrassure Ltd.,* No. 15-CV-194 - F, 2019 WL 1966667, at *5 (D. Wyo. Feb. 1, 2019) (rejecting an argument that the umpire was biased where it constituted mere "speculation which is not supported by the record"). Given Smith's qualifications and experience, the Court concludes that Ben Smith would be competent and impartial serving as an umpire in the parties' dispute.

### C. Conclusion

For the foregoing reasons, the Court APPOINTS Ben Smith as umpire with respect to the appraisal provision in the insurance Policy applicable to this dispute.

SO ORDERED.

Entered for this 5th day of May 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

8